

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-2-2009

# 4th Street Inv LLC v. James Dowdell

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1512

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"4th Street Inv LLC v. James Dowdell" (2009). *2009 Decisions.* Paper 1080.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1080

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1512

4TH STREET INVESTMENTS, LLC; LEWIS A. SCHULL, Jr.;
GREGORY T. HERBRANK; SUSAN M. HEBRANK;
PETER R. CAMERON; STUART H. KESSLER; SUSAN L. KESSLER;
RALPH ARTUSO; ROBERT FIDEL; RICHARD L. WAGNER;
ROBERT S. HILLMAN; SANDRA S. HILLMAN; MYLES D. SAMPSON;
GREGG L. GOLDSTON; KIM A. GOLDSTRON;
LAUREL HIGHLANDS RADIOLOGY ONCOLOGY PENSION;
ARNOLD N. WAGNER; JACKLYN WAGNER; MARC A. GOLDBERG;
JOANNE GOLDBERG; EDWIN A. THANER; DORIS THANER; JOY T. EDWARDS;
TERRY L. EVANS; SALLY A. EVANS; RONALD MCGLADE;
RONALD L. CLAWSON; GAIL TITUS; JAMES R. TITUS; DANIEL W. AMIDON;
WILLIAM SITTING; CHRISTOPHER C. SHEEDY;
FAMILY PARTNERSHIP LP; TNG L.P. LLC, trading and doing business as BP
INVESTMENT PARTNERS II, LP; BERKOWITZ PIERCHALSKI INC;
JACK H. MILLSTEIN; ANDREA B. MILLSTEIN; M & S PARTNERS LLP,

Appellants.

v.

JAMES DOWDELL; FEDERAL INSURANCE COMPANY

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No. 06-cv-00536)
District Judge:  Honorable Joy Flowers Conti

Submitted under Third Circuit LAR 34.1 (a)
on February 5, 2009

Before:  RENDELL and ROTH,  <u>Circuit Judges</u>
and PADOVA*, <u>Senior District Judge</u>

(Opinion filed:  July 2, 2009)

_____

O P I N I O N

_____

**ROTH**, Circuit Judge:

4th Street Investments LLC appeals from the final order of the United States District Court for the Western District of Pennsylvania, granting summary judgment for Federal Insurance Company.  We exercise plenary review over a summary judgment grant.  *E.g.*, *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008).  We moreover view the facts in a light most favorable to the nonmovant and apply the same standard that guided the District Court.  *E.g.*, *id.*  For the reasons discussed below, we will affirm.  Because the parties are familiar with the facts, we will describe them only as necessary to explain our decision.

4th Street secured a judgment against James Dowdell and his company, SafeDrive Technologies, Inc.  4th Street then filed suit to garnish the proceeds of a Directors and Officers' Insurance Policy that Federal had issued to Dowdell and SafeDrive.  The

_____

*Honorable John R. Padova, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2

District Court granted summary judgment for Federal because Dowdell had not satisfied the policy's reporting requirement, a condition precedent to coverage. The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

4th Street claims that the District Court erred for two reasons. 4th Street first contends that the District Court erred in holding that the policy required that Dowdell provide notice. We reject this argument because the policy's "Declarations" section plainly provides that "[a]ny Insured shall, as a condition precedent to exercising [his] rights under any Liability Coverage Section, give to [Federal] written notice as soon as practicable of any Claim." (emphasis omitted). Under Pennsylvania law, which the parties agree applies here, if a policy's language is clear and unambiguous, a court is required to give effect to that language. *Progressive N. Ins. Co. v. Schneck*, 813 A.2d 828, 831 (Pa. 2002). The language confirms that this policy is a "claims-made" policy, which under Pennsylvania law, makes notice a condition precedent to coverage. *See ACE Am. Ins. Co. v. Underwriters at Lloyds and Cos.*, 939 A.2d 935, 940 (Pa. Super. 2007), *aff'd*, No. 45 EAP 2008, 2009 WL 1176268 (Pa. Apr. 14, 2009).

4th Street argues, however, that because the Directors and Officers' section of the policy is silent on the notice issue, the notice requirement does not apply to claims made under that section. The first page of the Director and Officers' section states, however, that it is "subject to the Declarations," which contain the claims-made requirement. The policy further provides, in the Declarations section, that the claims-made requirement

3

applies to "any Liability Coverage Section." (emphasis omitted). Therefore, the policy's clear and unambiguous language required Dowdell's written notice as a condition precedent to coverage.

4th Street next asserts that even if the policy required Dowdell to provide notice, the District Court erred in requiring strict compliance with that requirement instead of requiring that Federal show prejudice. We reject this argument because reporting requirements in claims-made policies are strictly construed and enforced; if an insured does not give notice within the required time, "there is simply no coverage under the policy." *City of Harrisburg v. Int'l Surplus Lines Ins. Co.*, 596 F. Supp. 954, 961 (M.D. Pa. 1984); *see Pizzini v. Am. Int'l Specialty Lines Ins. Co.*, 210 F. Supp. 2d 658, 668 (E.D. Pa. 2002) ("Failure to comply with the reporting provision of a claims made policy precludes coverage.") (internal quotation marks omitted).[1]

We conclude that the District Court did not err in granting summary judgment for Federal. We will thus affirm the judgment of the District Court.

---

[1] Moreover, the Pennsylvania Supreme Court has recently confirmed that an insurance company need not prove prejudice when denying coverage for lack of notice in connection with a claims-made policy. *See ACE Am. Ins. Co. v. Underwriters at Lloyds and Cos.*, No. 45 EAP 2008, 2008 WL 1176268 (Pa. Apr. 14, 2009) (summarily affirming Superior Court order after granting allocatur specifically to address whether Superior Court erred in concluding that insurer could deny coverage under claims-made policy for lack of notice without establishing prejudice).